**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FREEMAN WEBB,

                          Plaintiff,

        - v -                                              Civ. No. 9:05-CV-0015
                                                                     (NAM/RFT)

GLENN S. GOORD, *et al.*,

                        Defendants.

**APPEARANCES:**                                       **OF COUNSEL:**

FREEMAN WEBB
95-A-0087
Plaintiff, *Pro Se*
*Last Known Address*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. ANDREW M. CUOMO                        MICHAEL G. McCARTIN, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT RECOMMENDATION and ORDER**

    On January 5, 2005, Freeman Webb filed a *pro se* Complaint against the Defendants claiming his constitutional rights were violated. Dkt. No. 1, Compl.[1] Several times throughout this

---

[1] Plaintiff filed an Amended Complaint as of right on May 13, 2005. Dkt. No. 6. Due to the shortcomings of such pleading, the Honorable Norman A. Mordue, Chief United States District Judge, directed Webb to file an amended complaint that complied with the Federal Rules of Civil Procedure. Dkt. No. 7. When Plaintiff failed to comply with the Court's directive, a Judgment in favor of Defendants was issued. Dkt. No. 14. Plaintiff Moved to Vacate that Judgment, Dkt. No. 15, and simultaneously appealed that Judgment to the Second Circuit, Dkt. No. 16. The Second Circuit remanded the case back to the District Court to rule on Plaintiff's Motion to Vacate. Dkt. No. 23. On February

(continued...)

litigation, Webb has been advised of his obligation to keep the Court and his adversaries apprised of any change in his address. *See* Dkt. Nos. 24 & 27; *see also* N.D.N.Y.L.R. 10.1(b)(2). Indeed, on no less than eleven separate occasions, Webb, or someone on his behalf, has acknowledged this obligation by informing the Court and Defendants of his numerous changes in his address. *See* Dkt. Nos. 4, 5, 8, 9, 10, 13, 21, 22, 26, 60, & 63. Webb has also been warned that his failure to comply with this obligation could result in the dismissal of his action. Dkt. No. 27 at p. 3; *see* N.D.N.Y.L.R. 41.2(b). More specifically, the Court mailed him an Order which provided, *inter alia*:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**

*See* Dkt. No. 27 at p. 3 (emphasis in original).

Despite his many efforts to keep the Court apprised of his whereabouts, on January 25, 2008, and March 28, 2008, mailings from this Court, which were sent to Webb at his last known address at Five Points Correctional Facility, were returned "undeliverable" with the notation "released, no forward." Dkt. Nos. 67-69. According to the New York State Department of Correctional Services Inmate Locator Website,[2] Plaintiff was released on parole on January 9, 2008, and yet, this Court has never been provided with an updated address. On June 11, 2008, the undersigned took notice of the multiple mailings being returned to the Court and issued an Order providing Plaintiff one final opportunity to provide a corrected address. Interestingly, that Order, mailed to Plaintiff at the last known address on file with the Court, has not been returned as undeliverable; yet, Plaintiff still has failed to provide an updated address or verify that the address on file is accurate. The last

---

[1](...continued)
15, 2007, Judge Mordue granted the Motion to Vacate and reinstated this case on the Court's pending docket. Dkt. No. 24.

[2] *See* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ2/WINQ120.

communication received from Plaintiff is a Notice of Updated Address, dated October 25, 2007, roughly ten months ago.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 2996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Moreover, a litigant has the duty to inform the court of any address changes. As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. In light of the now ten-month span of time with no word from Plaintiff, the Court finds that, despite ample opportunity provided by the Court to correct any errors or misunderstandings, Webb has failed to prosecute this matter and possibly has abandoned all causes here. Webb's failure to prosecute this matter and provide a change of address warrants a recommendation of dismissal. *See* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute); *see also* N.D.N.Y.L.R. 41.2(a) (noting that a plaintiff's failure to take action for four months is "presumptive

evidence of lack of prosecution); N.D.N.Y.L.R. 41.2(b) (authorizing dismissal for failure to provide a change of address). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). Since Webb has failed to inform the Court of same, it is hereby

**RECOMMENDED**, that this action be dismissed due to Plaintiff's failure to prosecute and provide an updated address. *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

     IT IS SO ORDERED.

Date:  August 22, 2008
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge